**FILED**

March 30, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PAULA A. QUAGLIESI, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL NO. SA-24-CV-912-OLG** |
| | § | |
| FRANK BISIGNANO, Commissioner of | § | |
| the Social Security Administration, | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

The Court has considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (the "Report") (Dkt. No. 19), wherein Judge Chestney recommends that the decision of Defendant Frank Bisignano, the Commissioner of the Social Security Administration, be affirmed. Plaintiff Paula A. Quagliesi filed objections (the "Objections") (Dkt. No. 21) to the Report.

When a party objects to a magistrate judge's report and recommendation, the district court must conduct a de novo review as to those portions of the report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Frivolous, conclusory, or general objections need not be considered by the district court. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Any portions of the magistrate judge's finding or recommendation that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

Quagliesi's Objections turn on a single issue. According to her, the administrative law judge ("ALJ") improperly rejected all the medical opinion evidence and fashioned her residual functional capacity ("RFC") out of whole cloth. *See* Dkt. No. 21 at 2–7. In other words, Quagliesi believes that the ALJ impermissibly played doctor by determining her RFC based on her own

"layperson opinion." *Id.* at 2. The Court disagrees.

The RFC determination "is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012). The absence of persuasive medical opinion evidence "does not, in itself, make the record incomplete." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *see* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Instead, the inquiry remains a familiar one: "whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557. While the ALJ is forbidden from relying upon her own medical opinion to determine the RFC of the claimant, she may rely upon the claimant's testimony, as well as her interpretation of other medical evidence in the record. *See, e.g., Taylor*, 706 F.3d at 603; *Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005); *McBride v. O'Malley*, No. 22-CV-985, 2024 WL 1505745, at *4 (E.D. Tex. Mar. 6, 2024), *R. & R. adopted*, 2024 WL 1308001 (E.D. Tex. Mar. 26, 2024).

In the present case, the ALJ did not play doctor—she properly interpreted the medical evidence, including Quagliesi's testimony and her self-reported functional limitations, to determine her capacity for work. *Taylor*, 706 F.3d at 603.[1] While the absence of medical opinion evidence may render an ALJ's analysis unsupported by substantial evidence, that is only true where the remaining evidence is insufficient to determine the claimant's ability to work. *See, e.g., Monk*

---

[1] Quagliesi also asserts that the ALJ failed to adequately account for her reports of pain and symptoms. *See* Dkt. No. 21 at 6–7. However, the ALJ considered Quagliesi's "statements concerning the intensity, persistence[,] and limiting effects of [her] symptoms" and determined that they were "not entirely consistent with the medical evidence and other evidence in the record." Dkt. No. 6-2 at 21; *see* Dkt. No. 19 at 18–21; *see also* 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence . . . , would lead to a conclusion that you are disabled.").

*v. O'Malley*, No. 23-CV-21, 2024 WL 796496, at \*3 (E.D. Tex. Feb. 8, 2024) (permitting an ALJ to determine the claimant's RFC without medical opinion evidence only if the record "clearly establishes the effect that the claimant's condition has on her ability to work" (citation modified)), *R. & R. adopted*, 2024 WL 778378 (E.D. Tex. Feb. 26, 2024)

Because the ALJ did not base her RFC analysis on her own lay opinion, and because the record was sufficiently developed for the ALJ to determine Quagliesi's RFC without relying upon medical opinion evidence, the Objections (Dkt. No. 21) are **OVERRULED**, the Report (Dkt. No. 19) is **ACCEPTED** and, for the reasons set forth therein, the Commissioner's decision is **AFFIRMED**.

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on March ___30___, 2026.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

3